IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00701-CBS

GILBERT D. DAVIS,

        Plaintiff,

v.

UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,

        Defendant.

---

**MEMORANDUM OPINION AND ORDER REGARDING
PENDING MOTIONS**

---

Magistrate Judge Shaffer

    This matter comes before the court on a Motion for Summary Judgment (doc. #32) filed on January 5, 2017 by Defendant United States Department of Veterans Affairs ("Defendant" or "VA"). *Pro se* Plaintiff Gilbert Davis ("Plaintiff" or "Mr. Davis") filed an Opposition to Defendant Motion for Summary Judgment (doc. #33) on January 18, 2017. Defendant then filed a Reply (doc. #36) on February 1, 2017. Also before the court are two motions – Plaintiff's Motion to Compel Production (doc. #31), filed on December 29, 2016, and Plaintiff's Motion to Amend the Scheduling Order (doc. #37), filed on March 15, 2017 – that this court addressed during a hearing on July 11, 2017.

    This case was assigned to the Magistrate Judge on March 25, 2016. Consent pursuant to 28 U.S.C. § 636(c) was obtained from all parties on June 14, 2016. The court has carefully considered the motions and related briefing, the entire case file, and the applicable case law. For

the following reasons, Defendant's Motion for Summary Judgment is granted, and Plaintiff's Motion to Compel and Motion to Amend the Scheduling Order are denied.

## BACKGROUND

Mr. Davis commenced this action seeking the production of agency records maintained by the United States Department of Veterans Affairs pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. On March 25, 2016, Plaintiff filed his original Complaint for Injunctive Relief (doc. #1),[1] alleging the following relevant facts.

On April 30, September 24, and October 20, 2014, Mr. Davis sent FOIA requests to the Denver Department of Veterans Affairs Regional Office initially seeking specific documents in his claim file and later seeking "a copy of [his entire] DVA claim file." *See* Redacted Complaint, at ¶¶ 14, 16, and 18. In response, Defendant gave Plaintiff two corrupted CDs which allegedly contained his claim file, but which Plaintiff was unable to read. *Id.* at ¶ 19. Consequently, Plaintiff filed a new FOIA request for his claim file on February 24, 2015. *Id.* at ¶ 20. Defendant responded by sending Plaintiff new readable CDs on March 30, 2015. *Id.* at ¶ 22. Plaintiff then modified his FOIA requests on October 27, 2015, asserting that "the CDs provided completely fail[ed] to contain a complete copy of the 'Agency Record'" and asked for "an appointment to review and make and to have copies of any original records." *Id.* at ¶ 27.

After this lawsuit commenced, the parties filed joint Status Reports (doc. #22 and #24) on July 18, 2016 and September 15, 2016, respectively.

---

[1] At the direction of the court, Mr. Davis filed a redacted version of his Complaint (doc. #11) on May 2, 2016, which excised certain personal information from public view. This Memorandum Opinion and Order references particular portions of the redacted Complaint.

# ANALYSIS

*A.     Defendant's Motion for Summary Judgment*

The VA filed its Motion for Summary Judgment on January 5, 2017, asserting that it has given Plaintiff all of the documents he requested without exception. Moreover, Defendant insists that it has conducted a reasonable search as required by the FOIA. In his response brief, Mr. Davis argues that the VA has maliciously and in bad faith refused to produce all the agency records he has requested.

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A 'material fact' is one which could have an impact on the outcome of the lawsuit." *Chasteen v. UNISIA JECS Corp.*, 216 F.3d 1212, 1216 (10th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)). "A dispute over a material fact is 'genuine' if a rational [trier of fact] could find in favor of the nonmoving party on the evidence presented." *E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000) (citation omitted). The burden shifts to the party opposing summary judgment once the movant has made its initial showing.

A movant who does not have the burden of proof at trial must show the absence of a genuine fact issue. By contrast, a movant who bears the burden of proof must submit evidence to establish every essential element of its claim or affirmative defense. In either case, once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.

*Wausau Bus. Ins. Co. v. U.S. Motels Mgmt., Inc.*, 341 F. Supp. 2d 1180, 1182–83 (D. Colo. 2004) (citations omitted).

The court must view the factual record and draw all reasonable inferences therefrom in the light most favorable to the party opposing the motion for summary judgment. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). However, "a District Court must resolve any factual issues of controversy in favor of the non-moving party only in the sense that, where the facts specifically averred by the party contradict facts specifically averred by the movant, the motion must be denied." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (internal quotation marks omitted). "Affidavits or other evidence offered by a nonmovant must create a genuine issue for trial . . . it is not enough that the evidence be merely colorable or anything short of significantly probative." *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (citation and internal quotation marks omitted). Thus, the court must determine whether Mr. Davis has met his burden of presenting sufficient facts to overcome Defendant's motion.

Because Mr. Davis is appearing *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a court may not assume that a plaintiff can prove facts that he has not alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) (court's role is not to act as the *pro se* litigant's advocate); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). This rule "applies to all proceedings involving a pro se litigant, including . . . summary judgment

proceedings." *Hall*, 935 F.2d at 1110 n. 3 (citations omitted). "[S]uch liberal construction is intended [] to overlook technical formatting errors and other defects in Plaintiff's use of legal terminology and proper English." *Smith v. Krieger*, 643 F. Supp. 2d 1274, 1279 (D. Colo. 2009) (citation omitted). But the court cannot be a *pro se* litigant's advocate, and "*[p]ro se* status 'does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure.'" *Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

As one court recently noted, "FOIA was enacted to promote honest and open government and to assure the existence of an informed citizenry to hold the governors accountable to the governed." *The Few, The Proud, The Forgotten v. U.S. Dep't of Veterans Affairs*, No. 3:16-cv-00647, 2017 WL 2312354, at *6 (D. Conn. May 26, 2017) (recognizing that the underlying premise of FOIA is a "policy strongly favoring public disclosure of information in the possession of federal agencies"). But the fundamental issue in FOIA litigation is "not whether there exists further documents responsive to a FOIA request but whether the agency conducted a reasonable search for responsive documents." *Hamilton v. United States*, No. CIV 14-0040 KBM/GBW, 2015 WL 12696083, at *3 (D.N.M. Mar. 5, 2015) (quoting *Trentadue v. FBI*, 572 F.3d 794, 807 (10th Cir. 2009)).

"Summary judgment is the procedural vehicle by which most FOIA actions are resolved." *Nat. Res. Defense Council, Inc. v. U.S. Dep't of Interior*, 73 F. Supp. 3d 350, 355 (S.D.N.Y. 2014). Where, as in this case, the agency contends that it has fully complied with FOIA by producing all responsive documents, the defendant may prevail on summary judgment by demonstrating it has conducted a search reasonably calculated to uncover all relevant

5

documents.  As the D.C. Circuit has explained, "[t]he standard governing a grant of summary judgment in favor of an agency's claim that it has fully discharged its disclosure obligations under FOIA is well-established. . . . What the agency must show beyond material doubt is that it has conducted a search reasonably calculated to uncover all relevant documents."  *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1350–51 (D.C. Cir. 1983) (quoting *Perry v. Block*, 684 F.2d 121, 128 (D.C. Cir. 1982)).  The agency's search is measured by a standard of "adequacy – not perfection" and the agency is not required to search "'every record system' in response to each and every FOIA request."  *Schwartz v. Dep't of Defense*, No. 15-CV-7077 (ARR) (RLM), 2017 WL 78482, at *6 (E.D.N.Y. Jan. 6, 2017).  Rather, to prevail on a motion for summary judgment, "the defending agency has the burden of demonstrating that its search was adequate and that any withheld documents fall within an exemption to FOIA."  *Whitson v. U.S. Forest Serv.*, Civ. 16-1090-LTB-NYW, __ F. Supp. 3d __, 2017 WL 2242592, at *4 (D. Colo. May 23, 2017).  *Cf. Wadhwa v. Secretary, Dep't of Veterans Affairs*, No. 15-2777 (RBK-KMW), 2016 WL 937377, at *4 (D.N.J. Mar. 11, 2016) ("[t]he relevant inquiry is not 'whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate'") (quoting *Abdelfattah v. U.S. Dep't of Homeland Security*, 488 F. 3d 178, 182 (3d Cir. 2007)).

As the party seeking summary judgment, the defendant agency can sustain its burden by tendering in good faith "reasonably detailed, nonconclusory affidavits."  *Zaldivar v. U.S. Dep't of Veterans Affairs*, No. CV 14-01493-PHX-DGC (DMF), 2016 WL 4429657, at *3 (D. Ariz. Aug. 22, 2016), *aff'd,* 2017 WL 3499802 (9th Cir. Aug. 16, 2017).  An appropriate affidavit should set forth facts demonstrating that the agency "made a good faith effort to conduct a search

6

for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.D.C. 1990) (quoting *Weisberg*, 705 F.2d at 1351). *Cf. Demoruelle v. Dep't of Veterans Affairs*, No. CIVIL 16-00562 LEK-KSC, 2017 WL 2836989, at *6 (D. Haw. Jun. 30, 2017) (acknowledging that the "agency's affidavits or declarations need not 'set forth with meticulous documentation the details of an epic search for the requested records'").

> In other words, declarations must "describe what records were searched, by whom and through what process." Declarations submitted by the agency are given "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'"

*Hamilton*, 2015 WL 12696083, at *3 (internal citations omitted).

The VA has provided a Declaration and Supplemental Declaration from Greg Linnert, the Public Contact Coach and Privacy Act/FOIA Officer at the Denver Department of Veterans Affairs Regional Office. Mr. Linnert asserts that Mr. Davis has been given his entire claims file[2] and that no documents have been withheld in response to his FOIA request. *See* Declaration of Greg Linnert (doc. #32-4), at ¶¶ 4, 8-9 and 11-14, attached as Exhibit 4 to Defendant's Motion for Summary Judgment, and Supplemental Declaration of Greg Linnert (doc. #36-3), at ¶¶ 2 and 4, attached as Exhibit 3 to Defendant's Reply in Support of Motion for Summary Judgment. Mr. Linnert has indicated that

> A veteran's claims file includes VA records related to a veteran's claims for benefits. The claims file includes, but is not limited to, all records relating to disability rating decisions and all records related to specific claims for benefits

---

[2] It appears Mr. Linnert provided Plaintiff with two sets of records. In December 2014, Mr. Davis was sent a set of records contained on two CDs. Plaintiff contends those CDs were not readable. Mr. Linnert claims that he sent a second set of CDs in June 2016, which again included all of Mr. Davis' records. *See* Declaration of Greg Linnert (doc. #32-4) at ¶¶ 8 and 9.

made by a veteran to the VA, including files related to any investigation and/or determination (including any appeal) on a claim for benefits.

*See* Supplemental Declaration of Greg Linnert (doc. #36-3), at ¶ 1. According to Mr. Linnert, "[i]n response to Mr. Davis' requests, I performed several searches in various VA systems of records looking for responsive documents, including the Veterans Benefits Management System (VBMS), Virtual VA, and Veterans Appeals Control Locator Systems (VACOLS)." *See* Declaration of Greg Linnert (doc. #32-4), at ¶ 5 and Supplemental Declaration of Greg Linnert (doc. #36-3), at ¶ 3. Mr. Linnert searched those records "using Mr. Davis' unique, identifying VA file number and his social security number." *See* Declaration of Greg Linnert (doc. #32-4), at ¶ 6. He also confirmed that "these searches returned all records related to Mr. Davis available in each system of records, and that the same complete results were returned if I search for Mr. Davis's records by his name, social security number, or other identifying information." *Id.* The search results, which "consisted of more than 7,500 pages of documents" and included "all records related to [Plaintiff's] claim for benefits, whether submitted by [Plaintiff], generated by the agency or a third party, and including documents related to any VA decision(s) on [Plaintiff's] claim(s)," were given to Plaintiff. *Id.* at ¶¶ 8 and 9. In addition, Mr. Linnert provided Plaintiff with screenshots of the searches that were run on Virtual VA and VACOLS, and ran the searches on all three systems while Plaintiff watched over his shoulder. *Id.* at ¶ 10.

"To successfully challenge an agency's showing that it complied with the FOIA, the plaintiff must come forward with specific facts demonstrating that there is a genuine issue with respect to whether the agency has improperly withheld . . . agency records." *Freedom Watch, Inc. v. Nat'l Security Agency*, 197 F. Supp. 3d 165, 171 (D.D.C. 2016). Where a federal agency has moved for summary judgment in a FOIA case, a non-moving party must provide more than

mere conclusory statements to defeat that motion. *Murphy v. U.S. Customs & Border Prot.*, No. 3:15-CV-133, 2017 WL 2563230, at *3 (N.D.W. Va. Jun. 13, 2017). Here, Mr. Davis offers the bald assertion that various documents have been withheld and that "the DVA [has not] described its FOIA/Privacy Act search for records in accordance with precedent, in good faith." *See* doc. #31 at 7–8 and doc. #33 at 1, 4. "Such unadorned speculation will not compel further discovery or resist a motion for summary judgment." *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 772 (D.C. Cir. 1981). More to the point, Mr. Davis' contention that Defendant failed to produce documents that exist "is immaterial to whether or not the VA's search was adequate." *Cf. Demoruelle,* 2017 WL 2836989, at *6.

In his Opposition brief, Mr. Davis contends the VA has not produced and has "improperly withheld" "[a]ll End Products . . . associated with all implied, expressed, informal, and/or all formal claims for veterans benefits," as well as "[a]ny and all Deferred Ratings Decisions related to all claims for benefits." Mr. Linnert responds that Mr. Davis' position reflects a misunderstanding of the "end product code." According to Mr. Linnert,

> An "end product code" is a control number associated with different types of action requested by, or taken on behalf of, a veteran, including claims for benefits. An "end product code" is assigned to a claim for benefits (or other type of action) and is used by the VA for tracking purposes. An "end product code" is not an agency record, though the "end product code" associated with the disposition of a veteran's claim for benefits is generally reflected on the document that is included in the veteran's claims file.

*See* Supplemental Declaration of Greg Linnert (doc. #36-3), at ¶ 5. Mr. Linnert also states that

> [A] "deferred rating decision" may be made when it is determined by a VA rating specialist that additional information is needed before a determination can be made with respect to a particular disability rating. Any and all deferred rating decisions and related documents, including further review performed by the VA, subsequent rating decisions with respect to the particular disability rating, and any appeals by the veteran to the Board of Veterans Appeals, and changes, if any, to a

9

disability rating as a result of such an appeal, would be included in a veteran's claims file.

*Id.* at ¶ 6.

"[S]peculation that certain documents simply must exist or may be located elsewhere simply does not suffice to raise 'substantial doubt' as to the reasonableness of the [agency's] search for records." *Schoenman v. FBI*, 763 F. Supp. 2d 173, 204 (D.D.C. 2011). *Cf. Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) (holding that the adequacy of a FOIA search should not be measured by the records actually produced, but rather by "the appropriateness of the methods used to carry out the search"), *recon. den'd*, 857 F. Supp. 2d 76 (D.D.C. 2012); *Platsky v. Food & Drug Admin.*, No. 13-CV-6250 (SLT) (RLM), 2014 WL 7391611, at *6 (E.D.N.Y. Dec. 24, 2014) (on a motion for summary judgment under FOIA, the factual question at issue is whether the agency's search was reasonable; "[u]nder this standard, even if a report did exist and the [agency[ failed to locate it, this alone would not suffice to create a genuine issue of material fact as to the adequacy of the search"), *aff'd,* 642 F. App'x 63 (2d Cir. 2016). Mr. Linnert's declarations clearly demonstrate that his methodology was appropriate and that the ensuing search was reasonable.

Finally, Mr. Davis' contention that Defendant acted in bad faith is also without merit. Plaintiff has not provided any concrete evidence that the VA attempted to hide documents from him or prevented him from obtaining what he sought by running inadequate searches (or refusing to search altogether). Moreover, Mr. Davis apparently does not dispute Defendant's claim that he had a series of contacts with VA representatives, including several phone calls, emails, and a visit to the Denver Regional Office on October 12, 2016, during which Plaintiff observed an agency employee running searches for his records. Against this factual record, Plaintiff's

assertions of "bad faith" are factually unsubstantiated. *See, e.g.*, *Cunningham v. U.S. Dep't of Justice*, 40 F. Supp. 3d 71, 84 (D.D.C. 2014) ("Once an agency has provided adequate affidavits, a plaintiff must demonstrate the lack of a good faith search."), *aff'd,* No. 14-5112, 2014 WL 5838164 (D.C. Cir. Oct. 21, 2014), *cert. den'd,* 135 S. Ct. 2059 (2015).

On balance, the record before the court suggests that once Mr. Davis filed this action, the VA acted reasonably in addressing his request. *See* Declaration of Greg Linnert (doc. #32-4), at ¶ 4 ("responded to several written, telephonic, and in-person requests from Mr. Davis"); *see also* Exhibit 2 (doc. #31) attached to Plaintiff's Opposed Motion to Compel Production of Agency Record (emails between Defendant's attorney and Plaintiff in which Defendant's attorney offered to relay Plaintiff's document requests to the VA and help Plaintiff find the records he sought). Because Mr. Davis has not presented sufficient facts to rebut the presumption of good faith the court must accord Mr. Linnert's Declarations, I find that the VA has met its burden under Rule 56. More to the point, I find that Plaintiff has not come forward with sufficient evidence to demonstrate a genuine issue of material fact under prevailing FOIA case law.

B.   *Plaintiff's Discovery-Related Motions*

Mr. Davis has raised discovery-related issues in multiple ways. On December 29, 2016,[3] Plaintiff filed a Motion to Compel Production of Agency Record (doc. #31). This motion specifically requests a court order directing the VA to produce, without limitation:

> all files, records, reports, and documents pertaining to all implied, expressed, informal and/or formal claims for benefits under the laws and regulations administered by the Secretary of the Department of Veterans Affairs . . . , whether pending or adjudicated, and in the possession and ultimate control of [that Department], in regards to [Mr. Davis].

---

[3]This motion was filed seven days before Defendant VA moved for summary judgment.

11

Plaintiff further requests "all litigation and or adjudication records at or in the ultimate control of" the Departments General Counsel and/or Regional Counsel, including "all decisions, deferred decisions, and/or all ratings associated with, or related to, and/or in support of, not by way of limitation, the attached 'STAR Checklist/Rating Checklist, the "End Products . . . associated with all implied, expressed, informal, and/or formal claims for veterans' benefits," and "any and all Deferred Rating Decisions, and all associated and or related records thereto." On January 19, 2017, the VA filed its Opposition to Plaintiff's Motion to Compel[4] (doc. #34) arguing that "the only documents specifically identified by Plaintiff in his motion to compel as not having been produced have already been provided to Plaintiff."

Mr. Davis raised the issue of discovery again in his Opposition to Defendant's Motion for Summary Judgment. There, Plaintiff argued that in his "motion to compel production of agency record, [he] specifically requested *all* tangible recordations of information regardless of whether they are records under 44 U.S.C. § 3301, or not." Mr. Davis requested "the disclosure of, not by way of limitation, all files, records, reports, and documents pertaining to all implied, expressed, informal and/or formal claims for benefits under the laws and regulations administered by the Secretary of the Department of Veterans Affairs." In closing, Mr. Davis "respectfully request[ed] the entry of [his] motion to compel, and substantial consideration of substantial sanctions against the DVA."

More recently, on March 15, 2017, Mr. Davis moved for leave to amend the scheduling order (doc. #37). Plaintiff argued that an amended scheduling order should "add . . . established

---

[4]Defendant filed this response brief one day after Mr. Davis submitted his Opposition to Defendant's Motion for Summary Judgment.

12

provisions for discovery to ultimately determine the adequacy of the Defendant's search for records, and to compel the production of records that will, not by limitation, allow the Plaintiff to understand how the Defendant processed his claims for statutory benefits." The VA opposes this request, insisting that Mr. Davis "has not presented any evidence to rebut [its] showing that it made a good faith effort to conduct a reasonable search for the requested records" and has not demonstrated good cause to amend the scheduling order.

Case law holds that discovery generally is not available in FOIA actions. *See, e.g., Bush v. Risk Mngmt. Agency/U.S. Dep't of Agri.*, No. 16-CV-4128-CJW, 2017 WL 2483704, at *3 (N.D. Iowa Jun. 8, 2017) ("Without a showing of bad faith or even the inference of bad faith by the agency, there is no sufficient basis for granting limited discovery."); *O'Neill v. U.S. Dep't of Justice*, No. 16-C-425, 2017 WL 384334, at *3 (E.D. Wis. Jan. 25, 2017) ("discovery is generally unavailable in FOIA actions because factual disputes are rare and legal issues are limited to how the law is applied to the documents at issue") (internal quotation marks omitted); *Freedom Watch, Inc. v. Nat'l Security Agency*, 197 F. Supp. 3d 165, 176 (D.D.C. 2016) ("Discovery in FOIA is rare and should be denied where an agency's declarations are reasonably detailed, submitted in good faith, and the court is satisfied that no factual disputes remain"); *Tamayo v. U.S. Dep't of Justice*, 544 F. Supp. 2d 1341, 1343-44 (S.D. Fla. 2008) ("Discovery is usually not allowed at all if the court is satisfied that the affidavits/declarations submitted by the agency are sufficiently detailed, non-conclusory, and submitted in good faith").

However, discovery should not be precluded "where the agency's response raises serious doubts as to the completeness of the agency's search, where the agency's response is patently incomplete, or whether the agency's response is for some other reason unsatisfactory." *N.Y.*

13

*Times Co. v. U.S. Dep't of the Treasury*, No. 15 Civ 5740 (ER), 2016 WL 1651867, at *3 (S.D.N.Y. Apr. 26, 2016). *Cf. Natural Resources Defense*, 73 F. Supp. 3d at 357 ("'In order to justify discovery once the agency has satisfied its burden [under Rule 56], the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations, or provide some tangible evidence that . . . summary judgment is otherwise inappropriate.'") (quoting *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994)). Recognizing Mr. Davis's *pro se* status, I will construe the combination of Plaintiff's motion to compel and his response to Defendant's motion for summary judgment as effectively asserting a request for relief under Fed. R. Civ. P. 56(d).[5]

Rule 56(d) provides that the court may defer ruling on a motion for summary judgment and allow time to take discovery if the non-moving party "shows by affidavit or declaration" that it "cannot present facts *essential* to justify its opposition."[6] *See* Fed. R. Civ. P. 56(d) (emphasis added). In deciding whether the requested discovery is "essential" for purposes of Rule 56(d), the court must be guided by the nature of the case and the legal standard that governs a decision on the merits of the claims before the court. *Cf. Harper v. U.S. Equal Emp't Opportunity Comm'n,* No. 15-2629-STA-cgc, 2016 WL 3637205, at *4 (W.D. Tenn. Jun. 30, 2016) (in

---

[5]*But see Schoenman*, 763 F. Supp. 2d at 204 (after granting summary judgment in favor of the defendant agency, held "there is simply no basis for conducting discovery on an issue already decided by the Court"). *See also Citizens Comm'n on Human Rights v. Food & Drug Admin.*, 45 F.3d 1325, 1329 (9th Cir. 1995) (holding that the district court did not abuse its discretion in granting summary judgment in this FOIA action before allowing the plaintiff an opportunity to conduct additional discovery).

[6]Mr. Davis did not attach the required affidavit or declaration to his Opposition to Defendant Motion for Summary Judgment (doc. #33) or his Opposed Motion to Compel Production of Agency Record (doc. #31).

granting defendant's motion for summary judgment and denying plaintiff's request for discovery, the court noted that facts are material for purposes of Rule 56(d) "if the fact 'might affect the outcome of the lawsuit under the governing substantive law'"), *aff'd without reaching issue sub nom. Harper v. Mastroianni*, No. 16-6211, 2017 WL 3271172 (6th Cir. Mar. 23, 2017). So, for example, relief under Rule 56(d) is not appropriate where "discovery would only . . . afford [the plaintiff] an opportunity to pursue a bare hope of falling upon something that might impugn" the affidavits tendered by the agency. *Lawyers' Comm. for Civil Rights of S.F. Bay Area v. U.S. Dep't of the Treasury*, 534 F. Supp. 2d 1126, 1132 (N.D. Cal. 2008).

Mr. Davis's request for additional discovery is strikingly similar to the circumstances in *Evans v. U.S. Dep't of the Interior*, No. 2:12-cv-466-RLM-APR, 2015 WL 4996318 (N.D. Ind. Aug. 20, 2015). In that case, the plaintiff responded to the agency's motion for summary judgment and contemporaneously moved for discovery. In denying the latter request, the court noted that the issue on summary judgment was the reasonableness of the agency's search. The court also noted that "Ms. Evans would like to ask the government many more questions: that's the nature of FOIA claims."

> But a motion to defer consideration of a summary judgment motion so the opposing party may take discovery isn't designed to allow the opposing party to pursue any and all discovery. The discovery sought should be limited to what is needed to oppose the motion for summary judgment.

*Id.* at *5. In this case, Plaintiff broadly seeks to compel, without limitation, "all files, records, reports, and documents pertaining to all implied, expressed, informal and/or formal claims for benefits under the laws and regulations administered by the Secretary of the Department of Veterans Affairs . . . , whether pending or adjudicated, and in the possession and ultimate control of [that Department]" that relate to Mr. Davis. *But see Jeffries v. Lynch*, 217 F. Supp. 3d 214,

15

227-28 (D.D.C. 2016) (to obtain relief under Rule 56(d), the non-moving party must provide an affidavit that contains more than a boilerplate discovery request and shows the requested information is in fact discoverable), *appeal pending*. Here, I find that Mr. Davis has not made the showing required by Rule 56(d).

Moreover, I find that Mr. Davis' request for additional discovery is contrary to Fed. R. Civ. P. 26(b)(1).[7] "The purpose of discovery is to provide a mechanism for making relevant information available to the litigants." *See* Fed. R. Civ. P. 26(b)(1) advisory committee note to the 2006 amendment. To achieve that end, Rule 26(b)(1) permits a party to obtain discovery of nonprivileged matters that are relevant to the actual claims and defenses in the pending action *and* proportional to the needs of the case, as measured by the factors set forth in the Rule. *Cf. Caballero v. Bodega Latina Corp.*, No. 2:17-cv-00236-JAD-VCF, 2017 WL 3174931 at *2 (D. Nev. July 25, 2017) ("The 2015 Amendments added the proportionality requirement for permissible discovery—relevancy alone is no longer sufficient."); *In re Bard IVC Filters Prod. Liab. Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016) (noting that after the 2015 amendments, "[r]elevancy alone is no longer sufficient–discovery must also be proportional to the needs of the case;" "[a] party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them"); *Mir v. L-3 Commc'ns Integrated Sys., L.P.,* 315 F.R.D. 460, 465 (N.D. Tex. 2016) (noting that a party seeking discovery is also bound by the proportionality limits in Rule

---

[7]*See also* Fed. R. Civ. P. 26(b)(2)(A) (the court must limit the frequency or extent of discovery if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)").

26(b)(1) and "may well need to make its own showing of many or all of the proportionality factors," including "the importance of the discovery in resolving the issues" in the case).

The relevance and proportionality requirements in Rule 26(b)(1) do not permit a requesting party "to engage in a fishing expedition in the hopes that he may turn up some relevant or useful information." *King v. Biter*, No. 1:15-cv-00414-LJO-SAB (PC), 2017 WL 3149592, at *6 (E.D. Cal. Jul. 25, 2017). *Cf. Marker v. Union Fid. Life Ins. Co.*, 125 F.R.D. 121, 125 (M.D.N.C. 1989) ("Conclusory claims of bad faith may not be the bases for conducting marginally relevant discovery which is by its nature burdensome. Such discovery requests amount to nothing more than an out of season fishing expedition.").

In the end, I conclude that Mr. Davis' requests for additional discovery should be denied. The discovery he seeks is not proportional to the needs of the case and has not been justified under Rule 56(d). Moreover, additional discovery is moot in light of the decision regarding Defendant's Motion for Summary Judgment.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (doc. #32) is GRANTED. As the court ruled from the bench on July 11, 2017, Plaintiff's Motion to Compel Production (doc. #31) and Motion to Amend the Scheduling Order (doc. #37) are DENIED. This case is DISMISSED WITH PREJUDICE, each side to bear his or its own costs.

DATED at Denver, Colorado, this 22nd day of August, 2017.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge